UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JORGE TORRES,

                                  Plaintiff,                    9:06-CV-0750
                                                                               (FJS)(GJD)
       v.                                                                             (Lead Case)

GLENN GOORD, Commissioner; LAURA
ADAMSPEARY, Inmate Grievance; THOMAS EAGAN,
Director of Inmate Grievance Program; ROBERT WOODS,
Superintendent, Upstate Correctional Facility,

                                  Defendants.

---

JORGE TORRES,

                                  Plaintiff,                    9:06-CV-0798
                                                                          (LEK)(RFT)
       v.                                                                            (Member Case)

LESTER WRIGHT; ANTHONY BOUCOUD; NANCY
SMITH; EVELYN L. WEISSMAN; GEORGE WARKERSON;
LOUISE TICHENOR; MARLA TRAVERS; NORMA RACE;
SUSAN WALSH; ELIZABETH WHITE; KATHLEEN
SALLIVAN; NACY PLOOF; RICHARD DAVENPORT;
DIANA MULLEN; SUZANNE HUGES; DIANE HARVEY;
CHARLES FAIRCHILD; PHILIP DABIEW; DEANA
BAFFHAM; and JACQUELINE BODZAK,

                                  Consolidated Defendants.

---

APPEARANCES:                                    OF COUNSEL:

JORGE TORRES
Plaintiff, *pro se*

GUSTAVE J. DI BIANCO, United States Magistrate Judge

## DECISION and ORDER

      Presently before the Court is a consolidated civil rights action filed by Plaintiff Jorge

Torres and transferred to this District from the Western District of New York ("Western

District") by Order of United States Magistrate Judge H. Kenneth Schroeder, Jr.  The action is comprised of *Torres v. State of New York*, 9:06-CV-0750 ("Torres I") and *Torres v. State of New York*, 9:06-CV-0798 ("Torres II").

By way of background, Plaintiff commenced a *pro se* civil rights action (Torres I) by filing a complaint, together with an *in forma pauperis* application, with the Western District on August 10, 2005.  See Torres I at Dkt. Nos. 1, 2.  Thereafter, Plaintiff commenced a second civil rights action ("Torres II") by filing a complaint, together with an *in forma pauperis* application with the Western District on August 29, 2005.  See Torres II at Dkt. Nos. 1, 2.  Each of Plaintiff's *in forma pauperis* applications were subsequently denied by the Western District.  See Torres I at Dkt. No. 6 (Order of United States District Judge Richard J. Arcara dated August 31, 2005); *see also* Torres II at Dkt. No. 3 (Order of District Judge Arcara dated September 2, 2005).

By further Order of District Judge Arcara signed on January 4, 2006, Torres I and Torres II were consolidated, with Torres I designated as the Lead Case.  See Torres I at Dkt. No. 8.  District Judge Arcara also ordered as follows: (1) the complaint filed in Torres II was to be deemed a supplemental complaint in Torres I; (2) the Clerk of the Western District was directed to close Torres II; (3) the claims against New York State, New York State Agencies, Attorney General Eliot Spitzer, and State Employees sued in their official capacities, were **dismissed with prejudice**; and (4) the Clerk was directed to file Plaintiff's papers and "to cause the United States Marshal to collect the fee and to serve copies of the Summons, Complaint, and this Order upon the remaining defendants."  See Torres I at Dkt. No. 8.  All of the defendants except for Lester Wright have been served with process.  See Torres I at Dkt. Nos. 9, 10, 13, 14, and 15.  The summons for Lester Wright is still outstanding.

**WHEREFORE**, it is hereby

**ORDERED**, that in accordance with the Western District Order of District Judge Arcara signed on January 4, 2006, the Clerk is directed to docket the complaint filed in Torres II (*see* Torres II at Dkt. No. 1) as a supplemental complaint in Torres I, and it is further

**ORDERED**, that the Clerk shall reassign Torres II to the Hon. Senior District Judge Frederick J. Scullin, as presiding District Judge, and refer such case to the undersigned, as Magistrate Judge. In accordance with the Western District Order of Judge Arcara dated January 4, 2006 (Torres I at Dkt. No. 8), Civil action number 9:06-CV-750 (Torres I) shall be referred to and treated as the "Lead" case, and all subsequent Orders of this Court and papers that are submitted by the parties hereto that pertain to any of the foregoing actions shall be filed in Torres I, and it is further

**ORDERED**, that the defendants who have already been served shall file a response to both the complaint and supplemental complaint in Torres I within **thirty (30) days** of the filing date of this Order, and it is further

**ORDERED**, that any subsequently served defendant shall file a response to the complaint and supplemental complaint in Torres I as provided for in the Federal Rules of Civil Procedure after service of process on the defendant, and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

Dated: September 20, 2006

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge