UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

| | | |
|---|---|---|
| JORGE TORRES, | | |
| | Plaintiff, | |
| vs. | | 9:06-CV-750 |
| | | (FJS/GJD) |
| GLENN GOORD, et al., | | |
| | Defendants. | |

_____

JORGE TORRES, Plaintiff pro se
ROGER W. KINSEY, Asst. Attorney General for Defendants

GUSTAVE J. DI BIANCO, Magistrate Judge

## REPORT-RECOMMENDATION

This matter has been referred to me for Report and Recommendation by the Honorable Frederick J. Scullin, Jr., Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c).

In this civil rights complaint and supplemental complaint, plaintiff alleges that he was denied constitutionally adequate medical care for a shoulder injury and complains that his grievances were not properly processed in retaliation for the exercise of his First Amendment right to file grievances.

Presently before the court is defendants' motion to dismiss for failure to prosecute. (Dkt. No. 27). Plaintiff has failed to respond to the motion. For the following reasons, this court agrees with defendants and will recommend dismissal of the complaints.

## DISCUSSION

**1.     <u>Background</u>**

Plaintiff filed the original complaint in this action in the Western District of New York on August 10, 2005 (Torres I).  Plaintiff filed a second civil rights action in the Western District on August 29, 2005 (Torres II).  On January 4, 2006, United States District Judge Richard J. Arcara consolidated Torres I and Torres II, designating Torres I as the Lead Case. (Dkt. No. 8).  Judge Arcara also stated that Torres II would be filed as a supplemental complaint in Torres I, the Clerk of the Western District of New York was ordered to close Torres II, certain claims were dismissed, and the Marshal was directed to serve process. *Id.*

On February 22, 2006, defendants made a motion to dismiss for improper venue. (Dkt. No. 11).  The parties consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Dkt. No. 17).  On June 12, 2006, United States Magistrate Judge Kenneth Schroeder, Jr. denied the motion to dismiss, but transferred this case to the Northern District of New York. (Dkt. No. 18).

I issued an order on September 20, 2006. (Dkt. No. 20).  In that decision, I ordered the Clerk to docket the complaint in Torres II as a supplemental complaint in this action, and that the Clerk reassign the consolidated action to me and to Senior United States District Judge Scullin. *Id.*  When the Clerk attempted to serve my September 20, 2006 order on plaintiff at the address that he provided for the court, the mail was returned with a notation that the inmate was "RELEASED/DISCHARGED"

with "NO FORWARDING ADDRESS." (Dkt. No. 22).

The defendants filed an answer, together with an affidavit of service, in Torres II on November 15, 2006. (Dkt. Nos. 23, 24). The court issued a pretrial scheduling order on January 16, 2007. (Dkt. No. 25). The mail to plaintiff was again returned, with a notation that the inmate had been released. (Dkt. No. 26). Defendants made their motion to dismiss for failure to prosecute on January 25, 2007. (Dkt. No. 27).

**2.     Failure to Prosecute**

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute the action, or comply with any order of the court. *Dansby v. Albany County Correctional Facility Staff*, 95-CV-1525, 1996 WL 172699 (N.D.N.Y. April 10, 1996)(citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962)). Moreover, notwithstanding the leniency with which pro se plaintiffs are treated, a plaintiff has the duty to inform the court of any address changes. *See Lucas v. Miles*, 84 F.3d 532, 538 (2d Cir. 1996)(pro se plaintiffs are entitled to a degree of leniency, but that should not extend to a disregard of the court's plain directives)(dissenting opinion).

"The demand that plaintiffs provide contact information ***is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit***." *Dumpson v. Goord*, 2004 U.S. Dist. LEXIS 14317, *8 (W.D.N.Y. July 22, 2004)(emphasis added). Additionally, Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York states that failure to notify the court of a change of

3

address in accordance with LOCAL RULE 10.1(b) may result in the dismissal of any pending action.

The Second Circuit has held that generally, a determination of whether to dismiss for failure to prosecute involves a consideration of whether plaintiff's failure caused a delay of considerable duration; whether plaintiff was given notice that further delay would result in dismissal, and whether defendants will be prejudiced by further delay. *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). The court must also carefully balance the need to alleviate court congestion with plaintiff's right to have his day in court, and the court must consider the efficacy of lesser sanctions. *Id.* Dismissal is a harsh remedy to be utilized only in "extreme situations." *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993).

In this case it is clear that plaintiff was released in September of 2006 and has failed to inform the defendants and the court of his address, causing at least two letters from the court to be returned to the Clerk's Office. Defendants' Exhibit 1. There appears to have been no discovery in this action, and defendants will certainly be prejudiced without being able to contact plaintiff. There are ***twenty three defendants*** who have been served in this action and thus, a substantial amount of discovery would have to take place.

Although the delay has not been excessively great at this time, since there is no way to contact plaintiff, the delay will only get worse. Plaintiff did not even receive a copy of the pretrial scheduling order, thus, there is no way to schedule any deadlines

4

in this action.  Without an updated address from plaintiff there is no way to contact him or to consider any sanctions other than dismissal.  It appears that plaintiff has simply abandoned his action.  Although plaintiff certainly has a right to have his day in court, he does not appear to be interested in that right based on his failure to notify the court of his address.

Although plaintiff was never warned that the failure to provide the court with a change of address could result in dismissal, he has abandoned the case, and it is not the court's duty, nor is it defendants' duty to make extraordinary efforts to locate a plaintiff who clearly has no interest in pursuing his case.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that defendants' motion to dismiss for failure to prosecute (Dkt. No. 27) be **GRANTED**, and the complaints be **DISMISSED IN THEIR ENTIRETY**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: April 11, 2007

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge